In the Matter of INDEPENDENCE SAVINGS BANK, a New York Corporation, Plaintiff,

v.

McDONNELL DOUGLAS CORPORATION, a Maryland Corporation, Defendant.

Bankruptcy No. 1–810469–16.

United States Bankruptcy Court, E.D. New York.

Jan. 7, 1983.

Webster & Sheffield, New York City (James V. Kearney, New York City, of counsel), Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo. (Robert M. Lucy, St. Louis, Mo., of counsel), for McDonnell Douglas Corp.

Christy & Viener, New York City, substituted attys. for Mudge, Rose, Guthrie & Alexander, New York City (James J. Gelber and Herve Gouraige, New York City, of counsel), for Independence Sav. Bank.

MANUEL J. PRICE, Bankruptcy Judge.

Two motions are before the court. Defendant, McDonnell Douglas Corporation ("McDonnell Douglas"), has moved to transfer this case, pursuant to Section 1475 of Title 28, 28 U.S.C. § 1475, to the Bankruptcy Court for the Southern District of New York. Plaintiff, Independence Savings Bank ("Independence"), opposes this motion and also moves to remand this case, pursuant to Section 1478 of Title 28, 28 U.S.C. § 1478(b), to the District Court for the Eastern District of New York.

This action was commenced in the District Court for the Eastern District of New York where jurisdiction was based on diversity of citizenship, see 28 U.S.C. § 1332. Independence is suing McDonnell Douglas for failure to make payments under a Master Agreement of Lease, Equipment Schedule and a Consent and Agreement. The parties and O.P.M. Leasing Services, Inc. ("O.P.M.") were involved in a "leveraged lease" transaction involving computer equipment. Under the Master Agreement of Lease, O.P.M. was the lessor and McDonnell Douglas the lessee; Independence is an assignee of O.P.M. McDonnell Douglas's position is that O.P.M., not itself, is liable to Independence or that O.P.M. must indemnify it. McDonnell Douglas therefore contends that joinder of O.P.M. is necessary for a fair and expeditious resolution of the dispute between the parties. Such joinder is impeded, however, by two facts: (1) joinder of O.P.M. in the district court in a diversity case is impossible because O.P.M.'s presence would destroy the requisite complete diversity; and (2) O.P.M. is in the process of reorganization pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, et seq., in the Bankruptcy Court for the Southern District of New York. McDonnell Douglas therefore has removed this case from the District Court for the Eastern

District of New York to this court, arguing that this is a case "related" to a case under Title 11, *see* 28 U.S.C. § 1471(b), (c); 28 U.S.C. § 1478(a), and further contends that this case should, "in the interest of justice and for the convenience of the parties," *see* 28 U.S.C. § 1475, be transferred to the Bankruptcy Court for the Southern District of New York so that O.P.M. can be joined.

This case is before me because of the interaction of two statutes, 28 U.S.C. § 1475 and 28 U.S.C. § 1478.

Section 1478 provides in pertinent part: "(a) A party may remove any claim or cause of action in a civil action . . . to the bankruptcy court for the district where such civil action is pending, *if the bankruptcy courts have jurisdiction over such claim or cause of action.*

"(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise." (emphasis mine)

Section 1475 provides in relevant part: "A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties."

Thus, the only way McDonnell Douglas could remove this case from the District Court for the Eastern District to the Bankruptcy Court for the Southern District was first to remove it to the Bankruptcy Court in the Eastern District and then transfer it to the Bankruptcy Court in the Southern District. The parties have never envisioned that this case would be heard in this court; instead, McDonnell Douglas only wants this case to pass through this court on its way to the tribunal where, it contends, the case really belongs. My role in this case, then, is merely to act as a conduit with discretion to prohibit the movement of this case by remanding it. In short, no one claims there is any substantive relationship between this

court and this case. Rather, McDonnell Douglas argues that this case is related to the reorganization of O.P.M. in the Southern District.

On June 28, 1982, the Supreme Court held that the subject matter jurisdiction given this court by the Bankruptcy Reform Act of 1978 ("the Code"), P.L. 95–598, 92 Stat. 2549, was unconstitutional because judges in this court were not "Article III judges," having neither the requisite lifetime tenure, *see* 28 U.S.C. §§ 152, 153, nor protection against salary diminution, *see* 28 U.S.C. § 154. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The effectiveness of the Court's decision was stayed until October 4, 1982, *id.* at ——, 102 S.Ct. at 2880, 73 L.Ed.2d at ——, and that stay was later extended until December 24, 1982, 51 U.S.L.W. 3259, in order to give Congress the opportunity to act to avoid the potential waste of judicial resources and litigants' time and money that might flow from the uncertainty caused by the *Northern Pipeline* ruling.

Because Congress has not acted, this court continues to operate by virtue of a rule signed by Chief Judge Jack B. Weinstein of the District Court for the Eastern District of New York on December 21, 1982. This rule refers "[a]ll cases under Title 11 and all civil proceedings arising in or related to cases under Title 11" to bankruptcy judges of this district. ¶ (c)(1). Related cases are defined in ¶ (d)(3)(A) as:

"those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate . . . and similar matters."

The rule further provides:

"(d)(3)(B) In related proceedings the bankruptcy judge may not enter a judgment or a dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge."

While the rules do not precisely define or limit those related matters in which I may enter proposed orders, reading these two sections of the rule together, I find no authority for this court to act as a conduit for change of venue from a district court to a bankruptcy court as it did under the no longer applicable statutory scheme, *see* 28 U.S.C. §§ 1475, 1478. Because I believe I no longer have jurisdiction over this case, and because I believe that, even if I did have jurisdiction, given the current uncertainty concerning the breadth of bankruptcy court jurisdiction the ends of justice would not be served by transferring this case to the Bankruptcy Court for the Southern District of New York rather than by remanding it to the district court, I therefore remand this case to the District Court for the Eastern District of New York.